IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TARUN KUMAR VYAS, | ) | |
|     Plaintiff, | ) | Civil Case No. 7:23-cv-00216 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| CHAD MORRIS, *et al.*, | ) |     United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Tarun Kumar Vyas filed this action as one brought pursuant to 42 U.S.C. § 1983. In it, he challenges pending state criminal charges against him, alleging that the officers involved in a pending state prosecution violated his constitutional rights in the course of the investigation and early proceedings.[1] He also raises challenges to conduct related to a prior conviction of his, but those claims must be brought in a separate suit, and he already has a pending 28 U.S.§ 2254 petition challenging that conviction. *See Vyas v. Hutcheson*, No. 7:22-cv-00744 (W.D. Va.). The matter is before the court for review pursuant to 28 U.S.C. § 1915A(a) (obligating review of civil complaints in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity). As discussed herein, the court concludes that it must refrain from exercising jurisdiction over Vyas's complaint pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Accordingly, the court will decline to exercise jurisdiction and instead dismiss his complaint without prejudice.

I.  BACKGROUND

Vyas's complaint names a number of defendants, including Chad Morris, a special agent

---

[1] The court takes judicial notice of Vyas's state-court proceedings in Rockingham County Circuit Court. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239–40 (4th Cir. 1989) (explaining that a federal court may take judicial notice of state-court proceedings that directly relate to the issues pending in the federal court).

with the Virginia State Police ("VSP"), several unnamed supervisory officials at the VSP, two assistant commonwealth's attorneys (apparently ones who have prosecuted or are prosecuting his criminal cases), the Rockingham County Commonwealth's Attorney, the Sheriff of Rockingham, a Virginia magistrate judge, three officers with the Harrisonburg Police Department, and the City of Harrisonburg, County of Rockingham, and Commonwealth of Virginia.  (*See* Compl. 4–5, Dkt. No. 1.)  He asserts fifty-four different legal claims, which consist of various claims alleging violations of his rights under the United States and Virginia Constitutions, state-law torts, a RICO claim, various violations of the federal criminal code, and others.  (*Id.* at 10–17.)

Much of the factual matter Vyas presents describes alleged conduct by Special Agent Morris, including during a February 16, 2021 custodial interview he conducted of Vyas.  Vyas alleges that Morris failed to advise him of his *Miranda* rights, failed to stop questioning him once he requested counsel, and engaged in coercive and fraudulent tactics.  Morris also allegedly presented false information to a magistrate and at a "preliminary hearing" in the juvenile and domestic relations court of Rockingham County on May 16, 2022, related to Vyas's child pornography charges.  Vyas also accuses Morris of improperly seizing his phone and laptop and falsely stating that they were in plain view, and of illegally breaking into Vyas's phone without a warrant.  (*Id.* at 18–33.)  He further claims that Morris's affidavit offered in support of an arrest warrant was full of falsities and important omissions.  (*Id.* at 34–37.)

Vyas also alleges that Morris and Assistant Commonwealth's Attorney Eldridge presented false evidence to the grand jury, committed perjury, and misrepresented facts to the grand jury in order to get the charges against Vyas certified.  (*Id.* at 33–34.)  He also complains about actions by other defendants related to some or all of his pending charges. (*See, e.g.*, *id.* at 39–41.)  Presumably based both on statements made during the interview and on physical

2

evidence recovered from a phone and laptop, Vyas was charged with multiple counts of possessing child pornography. Those charges remain pending against him in Rockingham Circuit Court. Vyas's complaint cites to Case No. CR22000674-00, but according to court records, there are currently thirty-seven pending cases against Vyas, Case Nos. CR22000593–CR22-000602 and CR2200660–CR22000686, all of which involve either the possession or reproduction of pornography, and many of which are designated as charging him with a second such offense.[2] All of them indicate a hearing date of May 25, 2023, and according to Vyas's most recent motion, his case is set for trial May 25 and 26, 2023.

Vyas's complaint also raises claims against detectives in the Harrisonburg Police Department, but at least some of these relate to another charge (and separate conviction) in Case No. CR19001398, for making a terroristic threat against a family member, in violation of Virginia Code § 18.2-60. (*See* Compl. 44–47.) As such, they are not properly joined to the other claims in the case, despite Vyas's attempts to argue that the charges and conviction are part of a RICO conspiracy, an attempt which he supports only with conclusory allegations. *See* Fed. R. Civ. P. 18, 20 (discussing joinder of claims and defendants); *Brown v. Angelone*, 938 F. Supp. 340, 346 (W.D. Va. 1996) ("Where the complaint makes only conclusory allegations of a conspiracy under § 1983 and fails to demonstrate any agreement or meeting of the minds among the defendants, the court may properly dismiss the complaint.") (citations omitted). Moreover, Vyas already has filed a habeas petition pursuant to 28 U.S.C. § 2254 challenging his conviction in Case No. CR19001398, which remains pending at this time. *See Vyas v. Hutcheson*, No. 7:22-cv-00744 (W.D. Va.) All challenges to that conviction should be raised in that petition.

---

[2] It is not clear to the court which of those pending cases he is challenging, or whether he is challenging all of them, but the court's analysis does not change regardless. His allegations are directed at constitutional challenges to evidence underlying at least some pending charges against him.

For relief, Vyas seeks nominal, compensatory, and punitive damages, including daily damages for alleged "wrongful incarceration" and a reimbursement of all fees paid to the jail since September 3, 2019. He also wants defendants to reimburse him both for his attorneys' fees in his completed and pending criminal cases and for his educational expenses, because he contends he will now be unable to use his degrees because of defendants' conduct. He also asks for injunctive relief in the form of prohibiting Rockingham County from prosecuting him or any of his current or former family members in the future "unless there is an independent federal observer overseeing every step of the process." (Compl. 51–53 (setting forth requested relief).)

Importantly, then, and based on the complaint, it is apparent that he is challenging the factual underpinnings and conduct of law enforcement and prosecutors related to at least some of his pending criminal child pornography charges.

## II.  DISCUSSION

Because Vyas is raising constitutional (and other) challenges to ongoing criminal proceedings in state court, the court must determine whether to abstain from exercising jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* requires a federal court to "abstain from exercising jurisdiction and interfering in a state criminal proceeding if (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006) (citation omitted). The Supreme Court has repeatedly affirmed the "strong federal policy against federal court interference with pending state judicial proceedings . . . ." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

All three *Younger* prongs are met here. Vyas's complaint itself makes clear that there are

ongoing state judicial proceedings against him and that his trial is imminent. State-court records confirm that fact. Thus, those state proceedings are ongoing and were brought prior to any substantial progress in the federal proceeding, which he has filed only in April 2023, approximately one month ago.

As to the second, the Supreme Court has noted that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1985). Although Vyas does not ask the court to directly intervene in or stop his ongoing *criminal* cases, he effectively requests that the court find constitutional violations undermining his custodial interrogation and evidence being used against him, as well as the warrant issued for probable cause. He also asks for damages from "unlawful incarceration," presumably because he believes the court will overturn his prior conviction and order the state to drop all current charges. As another court has explained, "whether a plaintiff seeks injunctive, declaratory, or monetary relief, [*Younger*] abstention is appropriate if the relief the plaintiff seeks would require, as a prerequisite, a ruling on constitutional questions at issue in the pending state proceeding. *Hill v. Courter*, 344 F. Supp. 2d 484, 492 (E.D. Va. 2004).

As to the third and final *Younger* prong, it is undisputed that Vyas can raise his constitutional challenges in the course of his state prosecution. *See Gilliam v. Foster*, 75 F.3d 881, 904 (4th Cir. 1996) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.") (citation omitted). Notably, this prong does not require that Vyas would be *successful* in his raising his challenge in state court. *See Nivens*, 444 F.3d at 243 ("[T]he key question is whether the state allows for [plaintiff] to raise [his] objections, not whether the state agrees with those objections.").

5

In cases addressing similar challenges, courts have held that *Younger* abstention is appropriate. *E.g.*, *Hill*, 344 F. Supp. 2d at 494 (abstaining pursuant to *Younger* where plaintiffs challenged searches of their property that resulted in state criminal prosecution); *Suggs v. Brannon*, 804 F.2d 274, 279 (4th Cir. 1986) (affirming district court's *Younger* abstention over claims seeking injunction against allegedly illegal searches and seizures); *Foster v. Gigli*, No. 1:10-CV-0049 RM, 2010 WL 1266307, at *3 (N.D. Ind. Mar. 25, 2010) (explaining that it would violate the abstention doctrine in *Younger* for the federal court to rule on whether officers gave a suspect *Miranda* warnings or whether any statements made would be admissible in his state prosecution); *cf. Saub v. Phllips*, No. 3:16CV414, 2017 WL 1658831, at *7 (E.D. Va. May 1, 2017), *aff'd,* 699 F. App'x 179 (4th Cir. 2017) (abstaining as to many claims pursuant to *Younger* and noting that plaintiff's claim that *Miranda* safeguards were violated fails to state a constitutional claim because *Miranda* protects only against admission into evidence of confessions obtained in violation of it).

In summary, "federal court equitable interference with state criminal proceedings should not be undertaken except in the most narrow and extraordinary of circumstances." *Gilliam*, 75 F.3d at 903.  Those circumstances—such as a showing of bad faith or harassment by the prosecuting state officials or the state law being "flagrantly and patently violative of express constitutional prohibitions"—do not exist here. *See Nivens*, 444 F.3d at 241 (setting forth exceptions and explaining their narrowness) (citations omitted). Although Vyas alleges that certain officers engaged in misconduct—such as committing perjury or presenting false evidence, those claims can be brought before the state trial court and any issues concerning credibility can be explored by Vyas's counsel at trial. This court is not the proper forum to address those issues in the first instance.

III.  CONCLUSION

For the foregoing reasons, the court declines to exercise jurisdiction over Vyas's complaint.  The complaint will be dismissed without prejudice.  An appropriate order will be entered.

Entered: May 18, 2023.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge