IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TARUN KUMAR VYAS, | ) | |
|     Plaintiff, | ) | Civil Case No. 7:23-cv-00216 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| CHAD MORRIS, *et al.*, | ) |     United States District Judge |
|     Defendants. | ) | |

**ORDER**

Plaintiff Tarun Kumar Vyas filed this action pursuant to 42 U.S.C. § 1983. By memorandum opinion and order entered May 18, 2023, the court declined to exercise jurisdiction over his complaint, based on *Younger v. Harris*, 401 U.S. 37 (1971), and the court dismissed the complaint without prejudice. (Dkt. Nos. 26, 27.) Since then, Vyas has filed a notice of appeal (Dkt. No. 32), a motion to reconsider (Dkt. No. 30), and a motion to amend the court's memorandum opinion (Dkt. No. 34). The case was reopened to allow the court to address the motion to reconsider, and the court addresses both pending motions in this order.

First of all, as to his motion to amend, Vyas complains about the following statement in the court's opinion, in which it referred to his pending state charges:

> Vyas's complaint cites to Case No. CR22000674-00, but according to court records, there are currently thirty-seven pending cases against Vyas, Case Nos. CR22000593–CR22-000602 and CR2200660–CR22000686, all of which involve either the possession or reproduction of pornography, and many of which are designated as charging him with a second such offense.

(Mem. Op. 3, Dkt. No. 26.) In his motion to amend, Vyas points out that his complaint referred to "CR22000674 *et al.*" and thus he claims that he referenced all pending charges. (Dkt. No. 34.) His requested change would not alter the outcome of this case, nor would it change the court's ruling, and the opinion made that clear. (Mem. Op. 3 n.2 ("It is not clear to the court which of

these pending cases he is challenging, or whether he is challenging all of them, but the court's analysis does not change regardless.").) Because correcting the alleged error would not affect the court's ruling that his complaint was subject to dismissal, the court declines to amend its opinion. His motion to amend or correct (Dkt. No. 34) will be denied.

The court also has considered the arguments raised in Vyas's motion to reconsider (Dkt. No. 30). These include various arguments as to why the court should not have abstained under *Younger*.[1] Because Vyas's motion to reconsider was filed within the twenty-eight-day window set forth in Federal Rule of Civil Procedure 59(e), the court treats it as a motion to alter or amend the judgment under that rule. As the Fourth Circuit has explained, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation and internal quotation marks omitted). A court may alter or amend the judgment under Rule 59(e) if the movant shows "(1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 407 (4th Cir. 2010).

The court believes that Vyas is proceeding only under the third of these bases for relief in that he has identified what he believes are errors made by the court. The court has considered all of Vyas's arguments and concludes that none of them require the court to reconsider or amend its prior ruling that it was proper to abstain under *Younger*. Accordingly, his motion to reconsider (Dkt. No. 30) will be denied.

---

[1] State court records reflect that, subsequent to the issuance of the court's opinion here, Vyas was tried and found guilty on these charges, and the cases have been set for sentencing on September 7, 2023.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to amend (Dkt. No. 34) and motion to reconsider (Dkt. No. 30) are DENIED. The Clerk is DIRECTED to strike this case from the active docket of the court and to send a copy of this order to Vyas.

Entered: June 12, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge