CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
8/21/2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TARUN KUMAR VYAS,<br>　　Petitioner, | Civil Action No. 7:23cv00570 |
| v. | |
| CHADWICK S. DOTSON, *et al.*,<br>　　Respondents. | By: Elizabeth K. Dillon<br>　　Chief United States District Judge |
| TARUN KUMAR VYAS,<br>　　Plaintiff, | Civil Action No. 7:23cv00075 |
| v. | |
| STEPHEN R. SOFINSKI, *et al.*,<br>　　Defendants. | By: Elizabeth K. Dillon<br>　　Chief United States District Judge |
| TARUN KUMAR VYAS,<br>　　Plaintiff, | Civil Action No. 7:23cv00216 |
| v. | |
| CHAD MORRIS, *et al.*,<br>　　Defendants. | By: Elizabeth K. Dillon<br>　　Chief United States District Judge |
| TARUN KUMAR VYAS,<br>　　Petitioner, | Civil Action No. 7:22cv00744 |
| v. | |
| SHERIFF BRYAN HUTCHESON, *et al.*,<br>　　Respondents. | By: Elizabeth K. Dillon<br>　　Chief United States District Judge |

## MEMORANDUM OPINION AND ORDER

On May 31, 2024, the court issued an opinion and final order dismissing petitioner's 28 U.S.C. § 2254 action and denying a certificate of appealability. (Dkt. Nos. 29, 30.)[1] On June 6, 2024, the petitioner filed a motion for an extension of time to file a motion for reconsideration. (Dkt. No. 31.) Petitioner then filed a motion for reconsideration on June 26, 2024. (Dkt. No. 40.) Also before the court is petitioner's motion to seal. (Dkt. No. 39; *see also* Dkt. No. 38, Case No. 7:23-cv-75; Dkt. No. 74, Case No. 7:22-cv-744; Dkt. No. 51, Case No. 7:23-cv-216.)[2] Finally, petitioner has filed a motion to supplement the record (Dkt. No. 42), a motion to compel the release of "non-contraband data" from devices seized by the Commonwealth of Virginia in his underlying criminal proceedings (Dkt. No. 43), a motion to construe his motion for reconsideration as a motion pursuant to Federal Rule of Civil Procedure 59(e) (Dkt. No. 45), and a motion to excuse the exhaustion requirement (Dkt. No. 48).

The Federal Rules of Civil Procedure do not provide for a post-judgment "motion for reconsideration." Rather, they provide for a Rule 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from judgment. *See Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir. 2011). The time to file a Rule 59(e) motion is within 28 days of the entry of judgment. Fed. R. Civ. P. 59(e). Because petitioner's motion for reconsideration was filed

---

[1] Unless noted otherwise, docket citations are to the '570 case.

[2] Petitioner's motion to seal was also filed in Case No. 7:23-cv-102, which is pending before a different judge.

within this timeframe, the court construes his motion as a Rule 59(e) motion.[3] And because it was timely filed, the court will deny his motion for an extension of time as moot.[4]

Rule 59(e) motions can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007). A party may not use a Rule 59(e) motion to "raise arguments which could have been raised prior to the issuance of the judgment," or to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). In other words, a motion under Rule 59(e) is not authorized to "enable a party to complete presenting his case after the court has ruled against him." *Cochrane v. Warden*, Civil Action No. ELH-23-171, 2024 WL 112031, at *3 (D. Md. Jan. 10, 2024) (citing *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996)). "Mere disagreement [with a court's ruling] does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993). Reconsideration of a judgment after its entry is "an extraordinary remedy which should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403.

The court denied Vyas' petition because he raised claims that were not exhausted in state court. (5/31/24 Mem. Op., Dkt. No. 29.) Petitioner conceded his failure to exhaust, arguing that the state procedures are inadequate or ineffective, but the court rejected this argument because petitioner did not meet his burden of establishing that the state court proceedings are "'so clearly deficient as to render futile any effort to obtain relief.'" (5/31/24 Mem. Op. 2 (quoting

---

[3] Thus, petitioner's motion to construe will be granted to the extent that he seeks to have Dkt. No. 40 construed as a Rule 59(e) motion. It will be denied in all other respects.

[4] The court is not allowed to extend that time frame in any event. *See* Fed. R. Civ. P. 6(b)(2) (providing that a district court "must not extend the time to act" under specific rules including Rules 59(e) and 60(b)).

3

*Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).)  The court also rejected petitioners' actual innocence argument, denied his request to invoke the "stay and abeyance" procedure, denied his motion to grant admission to reasonable bail, and declined to issue a certificate of appealability. (*See id.*; 5/31/24 Order, Dkt. No. 30.)

Petitioner's motion argues, once again, that he has proved the futility of pursuing exhaustion in state court.  (Dkt. No. 40 at 8.)  Similarly, in his "Motion to Further Affirm Excusing the Exhaustion Requirement," petitioner argues that the futility of exhaustion is demonstrated by a dating error in a recent order he received from the Supreme Court of Virginia.[5]  Petitioner also argues that he has proved his innocence, referring to various case files and pleadings in other courts.  (*Id.* at 9–10.)  He further argues that it would be "reasonable to release the petitioner pending adjudication of the habeas in federal and state courts, because he is very likely to succeed on the merits and has already served a long sentence."  (*Id.* at 11–12.) These arguments are merely variations of those considered and rejected in the court's opinion and final order of dismissal.  They do not approach the high standard that would justify granting a Rule 59(e) motion.  Vyas' motion will be denied.[6]

Finally, petitioner has filed a motion to seal and redact his name to just his initials.  He argues that his full identity should be concealed because he was convicted of various child pornography charges, and he has been subjected to threats of violence in prison.  (Dkt. No. 39.)

To preserve the public's interest in judicial proceedings, the Federal Rules of Civil Procedure contain a presumption that an action should be prosecuted in the name of the real

---

[5] The order is dated July 2, 2024, but it states that it is denying a motion dated July 15, 2024.  (Dkt. No. 48-1.)

[6] As the petition has been dismissed for failure to exhaust administrative remedies, the court will deny the motions to supplement and to compel which seek to analyze and release evidence held by the Commonwealth of Virginia.  (Dkt. Nos. 42, 43.)

4

party in interest. *See* Fed. R. Civ. P. 10(a), 17(a). However, the Fourth Circuit has "recognized that in exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings, including the use of a pseudonym." *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014) (citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). In *Jacobson*, the court described five non-exhaustive factors that a court should consider in determining whether a plaintiff's privacy interest substantially outweighs the presumption of open judicial proceedings:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more crucially, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and, relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

6 F.3d at 238. "When a party seeks to litigate under a pseudonym, a district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Pub. Citizen*, 749 F.3d at 274.

In evaluating these factors, the court finds that Vyas' privacy interests are minimal. Vyas has prosecuted several actions in his own name in this court and in other courts. Most importantly, the criminal child pornography proceedings against him were public and the details of those actions, at least in relation to Vyas' conduct, are fully available for anyone to access. Finally, Vyas is an adult, not an adolescent or a minor. Thus, it is apparent to the court that Vyas is merely attempting to "avoid the annoyance and criticism that may attend any litigation," *Jacobson*, 6 F.3d at 238.

Accordingly, it is HEREBY ORDERED that Vyas' motion for an extension of time (Dkt. No. 31) is DENIED as moot; Vyas' motion for reconsideration (Dkt. No. 40) is DENIED; Vyas' motions to supplement and compel (Dkt. Nos. 42, 43) are DENIED; Vyas' motions to seal (Dkt. No. 39; Dkt. No. 38, Case No. 7:23-cv-75; Dkt. No. 74, Case No. 7:22-cv-744; Dkt. No. 51, Case No. 7:23-cv-216) are DENIED; Vyas' motion to construe (Dkt. No. 45) is GRANTED to the extent that the court construes Dkt. No. 40 to be a Rule 59(e) motion, but it is DENIED in all other respects; and Vyas' motion to excuse the exhaustion requirement (Dkt. No. 48) is DENIED.

The Clerk is directed to send a copy of this order to petitioner and to counsel for respondents and defendants.

Entered: August 21, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge