CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
September 20, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TARUN KUMAR VYAS,          )<br>     Plaintiff,          )<br>                            )<br>v.                          )<br>                            )<br>CHAD MORRIS, *et al.*,      )<br>     Defendants.          )  | Civil Action No. 7:23-cv-00216<br><br>By: Elizabeth K. Dillon<br>     Chief United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tarun Kumar Vyas, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) This matter was dismissed but then remanded by the Fourth Circuit Court of Appeals. (*See* Dkt. No. 46.) This case will be stayed for the reasons stated below.

On May 18, 2023, the court issued an opinion and order dismissing this action in its entirety, reasoning that the court lacked jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), which requires a federal court to "abstain from exercising jurisdiction and interfering in a state criminal proceeding if (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." (5/18/23 Mem. Op. 4 (quoting *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006)), Dkt. No. 26.) The court observed that Vyas' complaint was "challenging the factual underpinnings and conduct of law enforcement and prosecutors related to at least some of his pending criminal child pornography charges." (*Id.*) At the time the court issued this opinion, the criminal charges referenced in plaintiff's complaint were pending trial in Rockingham County Circuit Court. Since that time, court records reveal that plaintiff was convicted after a jury trial in May of 2023

and sentenced in December 2023.[1]  (*See also* Dkt. No. 50.)

Vyas appealed this court's dismissal order, and the Fourth Circuit affirmed in part, vacated in part, and remanded the case for further proceedings.  (Dkt. No. 46.)  The court explained that, pursuant to *Younger*, in an action for damages, a district court can stay the action but generally may not subject it to outright dismissal or remand.  (*Id.* at 3 (citing *Myles Lumber Co. v. CAN Fin. Corp.*, 233 F.3d 821, 823 (4th Cir. 2000).)  Thus, the court reasoned that because Vyas sought both damages and injunctive relief on his claims, and "assuming it was appropriate for the district court to abstain from ruling on Vyas' claims, the court should have stayed, rather than dismissed, the complaint." (*Id.* at 4.)  The court also affirmed the dismissal of plaintiff's claim under the Racketeer Influenced and Corrupt Organizations Act and expressed no opinion as to the merits of Vyas' remaining claims. (*Id.* at 4 n.2.)

At this point, the court understands that Vyas' appeal of his conviction remains pending in state court.  Based on that understanding, the court will stay this action pursuant to *Younger*.[2]

Accordingly, it is hereby ORDERED that this matter is STAYED.  Vyas shall file a notice with the court not later than thirty days after his direct criminal appeals have concluded to inform the court of that fact.  The Clerk shall transmit a copy of this order to Vyas.

Entered: September 20, 2024.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge

---

[1] The court takes judicial notice of Vyas' state-court proceedings.  *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239–40 (4th Cir. 1989).

[2] The court notes that a stay is also appropriate pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), which applies to bar a plaintiff's § 1983 claim if a judgment in favor of the plaintiff would necessarily imply the invalidity of the plaintiff's conviction or sentence.  *Covey v. Assessor of Ohio Cty.*, 777 F.3d 186, 197 (4th Cir. 2015); *see also Johnson v. Town of Charlestown by and through Wilcox*, C.A. No. 23-338 WES, 2024 WL 1329788, at *8 (D.R.I. Mar. 28, 2024) (staying case pursuant to *Heck* until direct appeal in state court is exhausted).