CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

March 27, 2025

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TARUN KUMAR VYAS, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:23-cv-00216 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| CHAD MORRIS, *et al.*, | ) |     Chief United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On September 20, 2024, the court issued an order staying this case pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Several motions have been filed by Vyas, both before and after the court issued the stay, but the court believes that they can be resolved without violating the purpose of the stay, which is to avoid interference with ongoing proceedings in state court.

First, Vyas filed a motion to alter or amend the court's stay order. (Dkt. No. 67.) The court's order directs Vyas to "file a notice with the court not later than thirty days after his direct criminal appeals have concluded to inform the court of that fact." (Dkt. No. 66 at 2.) He states that he is "uncertain about whether the conclusion of his direct appeals will vindicate" his rights and asks that the order be changed to direct him to file a notice "not later than thirty days after the conclusion of the petition, submission or appeal, that leads to the vacatur of my current convictions and sentence, or the reversal therein." (*Id.*) The court will not alter its order because the court still wants to know when plaintiff's direct appeals in state court have concluded. If Vyas is pursuing or intends to pursue other avenues for relief from his conviction or sentence, he can inform the court of those proceedings at that time.

Vyas also filed a motion to "correct" the filing fee, claiming that the business office at his prison is collecting a filing fee of more than $500. (Dkt. No. 75.) The court's order was clear as

to the amount of the fee that was assessed for filing this matter (*see* Dkt. No. 3), Vyas provides no proof that this is occurring, and the business office at the prison is not a party to this matter. Therefore, the court will deny this motion.

Vyas has also filed several motions to "supplement" or to "grant an amendment before ruling," which the court construes as motions for leave to amend his complaint. (*See* Dkt. Nos. 50, 60, 68, 74, 76, 77.) He has also filed motions to supplement the record with certain items of evidence. (Dkt. Nos. 53, 69, 78.) The court will deny these motions without prejudice. The motions to amend are improper attempts by Vyas to amend his complaint in a piecemeal fashion in violation of Rule 8 and 10 of the Federal Rules of Civil Procedure. Moreover, this action is stayed. To make clear, this stay acts to stay this matter in its entirety. As the court noted in *Brunson v. North Carolina Dept. of Social Services*, "…a complete stay of the action is necessary to accomplish the goal of efficiency and 'avoiding wasteful duplication of judicial resources.'" Case No. 5:09CT3063-FL, 2011 WL 807472, at *3 (E.D.N.C. March 1, 2011) (quoting *Suggs v. Brannon*, 804 F.2d 274, 280 (4th Cir. 1986)). Because of the ongoing stay, the court will not allow Vyas to file an amended complaint at this time or submit supplemental evidence, but he will be allowed to do so, if appropriate, after the stay is lifted.

In another motion for reconsideration, Vyas asks the court to reconsider its denial of his motion to consolidate this case with 7:23-cv-102 (W.D. Va.). (Dkt. No. 55.) The court denied this motion to consolidate because this is a 42 U.S.C. § 1983 civil rights action, Case No. 7:23-cv-102 is a habeas corpus case, and both cases were closed. (Dkt. No. 52.) Vyas asks for reconsideration because this case is no longer closed after the Fourth Circuit remanded for further proceedings, but there is still no basis for consolidation, and Case No. 7:23-cv-102 is still a closed case. Accordingly, the court will deny this motion.

Based on the foregoing, it is HEREBY ORDERED as follows:

1. Plaintiff's motion to alter or amend the court's stay order (Dkt. No. 67) is DENIED;

2. Plaintiff's motion to correct the filing fee (Dkt. No. 75) is DENIED;

3. Plaintiff's motions to grant amendment before ruling and to supplement (Dkt. Nos. 50, 60, 68, 74, 76, 77) are DENIED without prejudice;

4. Plaintiff's motion to reconsider consolidation (Dkt. No. 55) is DENIED; and

5. Plaintiff's motions to supplement the record (Dkt. Nos. 53, 69, 78) are DENIED without prejudice.

Entered: March 27, 2025

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge