CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

September 08, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TARUN KUMAR VYAS, | ) | |
| Plaintiff, | ) | Civil Action No. 7:23-cv-00216 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| CHAD MORRIS, *et al.*, | ) | Chief United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This 42 U.S.C. § 1983 action by Tarun Kumar Vyas was stayed by the court on September 20, 2024, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). The court ordered that "Vyas shall file a notice with the court not later than thirty days after his direct criminal appeals have concluded to inform the court of that fact." (Dkt. No. 66 at 2.) Before the court is a motion by Vyas to comply with that order. (Dkt. No. 86.)

Plaintiff's motion states that his direct criminal appeal was dismissed by the Supreme Court of Virginia on September 30, 2025. (Dkt. No. 86 at 1; SCV # 250309.) Even so, Vyas asks the court to extend the stay pending the outcome of a separate habeas petition that he filed in state court. *See* SCV # 250225. That action has now been dismissed by the Supreme Court of Virginia. (*See* Case No. 7:25-cv-2 (W.D. Va.), Dkt. No. 204-1 (copy of 6/25/26 dismissal of Record No. 250225).) Accordingly, the proceedings in state court have concluded, and there is no basis to continue the stay of this matter pursuant to *Younger*. The stay will be lifted.

As for future proceedings in this case, the court has noted the application of *Heck v. Humphrey*, 512 U.S. 477 (1994), to Vyas' claims in this matter. *Heck v. Humphrey* "applies to bar a plaintiff's § 1983 claim if a judgment in favor the plaintiff would necessarily imply the validity of the plaintiff's conviction or sentence." (Dkt. No. 66 at 2 n.2.) Vyas' claims are

precluded unless the conviction or sentence has been reversed on appeal, expunged, declared invalid by the state court, or called into question by a federal habeas court. *Heck*, 512 U.S. at 487. Vyas has failed to meet the "favorable-termination requirement," and, thus, his claims are *Heck*-barred. *Cecil v. Hamrick*, Civil Action No. 7:23-cv-00507, 2026 WL 860501, at *2 (W.D. Va. Mar. 30, 2026) (citing *Brunson v. Stein*, 116 F.4th 301, 305 (4th Cir. 2024)).

Vyas asks that the stay be continued pending the resolution of habeas actions currently pending in federal court. (Dkt. No. 86 (citing Case No. 7:25-cv-2 (W.D. Va.)); Dkt. No. 99 (citing Case Nos. 7:25-cv-790 (W.D. Va.), 7:25-cv-708 (E.D. Va.).) Courts have refused to stay *Heck*-barred § 1983 claims pending the outcome of federal habeas proceedings, and the court also declines to do so here. *See*, *e.g.*, *Lumpkin v. King County*, NO. C17-1651-MJP-JPD, 2017 WL 6819893, at *2 (W.D. Wash. Dec. 11, 2017) (explaining that it "is not appropriate to stay this action until plaintiff's appeal of his [federal] habeas proceedings are completed, as *Heck* makes clear that a § 1983 'cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated'" (citing *Heck*, 512 U.S. at 489)); *Rivas v. Cook*, No. 121-cv-01007-DAD-JLT (PC), 2021 WL 3630487, at *1 (E.D. Cal. Aug. 17, 2021) (declining to stay claims barred by the favorable termination rule of *Heck* until a related federal habeas proceeding is resolved); *German v. Baker*, 124 F. App'x 257, 258 (5th Cir. 2005) ("German argues that the district court erred in denying his request to stay this action pending a decision on his federal habeas proceeding. Because German's claims are not yet cognizable, the district court did not err in dismissing his complaint rather than staying it pending a decision in his federal habeas proceeding.") (citing *Heck*, 512 U.S. at 487). Instead, Vyas' claims will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

Based on the foregoing, it is HEREBY ORDERED that Vyas' motion to comply (Dkt.

No. 86) is DENIED. The stay in this matter is LIFTED. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. The Clerk shall strike this matter from the active docket of the court and transmit a copy of this order to Vyas.

Entered: September 8, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge